IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEBORAH MORRIS,                        *

    Plaintiff,                         *

    v.                                 *           CIVIL NO. JKB-24-2260

AMTRAK, et al.,                        *

    Defendants.                        *

    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM AND ORDER

*Pro se* Plaintiff Deborah Morris filed suit against Amtrak and "Baltimore Municipal Baltimore City Mayor & City Council" ("Baltimore"). (*See generally* ECF No. 1.) Currently pending are multiple motions: Amtrak's Motion to Dismiss (ECF No. 9), and four Motions filed by Morris (ECF Nos. 16, 18, 20, and 22). For the reasons that follow, Amtrak's Motion will be granted, and Morris's Motions will be denied. Morris will be directed to show cause why this case should not be dismissed as to Baltimore.

### I.    *Factual and Procedural Background*

Morris's Complaint against Amtrak and Baltimore spans 63 pages, and she makes various allegations. (*See generally* ECF No. 1.) She raises complaints about eminent domain and property condemnation proceedings, segregation, transportation, housing-related issues, and other topics. (*Id.*) Her Complaint is difficult to decipher. As an example, she alleges:

> Politically leveraging their advantage {Trusted Authority} choosing to make use of it - but underhandedly { CGRN 9 *UNDER HAND - under the signature of two authorised officers*} making these Tunnel Deals City priority focused does undermine HUD Supreme Court agreed Order [specified *Baltimore as the Administrator*] to remedy segregation. This Frederick Douglass Trunnel Deals spans three large areas of Baltimore that targeted for desegregation under the Court Order {1995-2027} that as of 2024 Baltimore failed to DESEGREGATE or have

in effect no Legislation/Ordinance to Remedy Segregation in Baltimore Municipal-Period.

(*Id.* at 18 (all alterations in original).)  Morris cites to provisions of the Code of Federal Regulations, to various statutes (including 42 U.S.C. § 1981, 42 U.S.C. § 1982, and 42 U.S.C. § 1983, and the Fair Housing Act), and to provisions of the U.S. Constitution (including the Supremacy Clause, the Commerce Clause, the First Amendment, and the Fourteenth Amendment, among others).  (*Id.* at 25–30.)  She brings several counts, among which: "Denied equals and protected rights by Baltimore Municipality fault of not remedying segregation in housing as obligation to do so"; "Deprivation of Plaintiffs rights under color of laws"; "Discriminatory refusals to transact, differential terms, and false representations in violation of" a class action; and "Defamation of character, bad faith, theft by deception, exploitation of elderly and disables and other persons (commonality)."  (*Id.* at 56–60.)

In short, as the foregoing reflects, Morris's Complaint is difficult to comprehend.  As best as the Court can decipher, she takes issue with Amtrak's construction of the Frederick Douglass Tunnel, and seeks monetary and injunctive relief regarding the same.

## II.    Amtrak's Motion to Dismiss

Amtrak argues that the Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing and 12(b)(6) for failure to state a claim.  (ECF No. 9.)  The Court agrees, and the Complaint will be dismissed as to Amtrak.

Rule 12(b)(1) provides that a party may move to dismiss a claim on the argument that the court lacks subject matter jurisdiction.  Rule 12(b)(1) governs motions to dismiss for lack of standing.  *Evans v. Am. Collection Enter.*, 624 F. Supp. 3d 593, 597 (D. Md. 2022).  "When considering a motion to dismiss challenging a plaintiff's standing to bring suit in federal court, the

2

court determines whether the allegations in the Complaint, taken as true, are sufficient to establish standing under the plausibility standard of Rule 12(b)(6) and *Iqbal/Twombly*." *Id.* at 598.

To establish standing, a plaintiff must (1) show an injury in fact, (2) demonstrate a causal connection between the defendants' actions and the alleged injury, and (3) show that the injury would likely be redressed by a favorable outcome. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560). To be "particularized," an injury "must affect the plaintiff in a personal and individual way." *Id.*

The Complaint fails to allege any of the elements required to establish standing. The Court is unable to discern an injury in fact. While the Complaint includes various generalized grievances, Morris fails to set forth any actual or particularized injury. This is not sufficient to establish standing. *See, e.g.*, *Lujan*, 504 U.S. at 573–74 ("We have consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy."). Further, it is not clear how any injury suffered by Morris is traceable to anything Amtrak has done. Finally, with respect to redressability, given that Morris has failed to sufficiently allege an injury or causation, it is not clear how a favorable decision by this Court would provide redress. Accordingly, Morris's Complaint as to Amtrak must be dismissed.

3

Further, even if Morris had established standing, she fails to state a claim upon which relief

can be granted. She makes various general conclusory statements regarding a wide variety of

topics. As this Court has explained:

> Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the plaintiff to submit
> a "short and plain statement of the claim showing that [she] is entitled to relief."
> Ultimately, the Complaint must "give the defendant fair notice of what the . . . claim
> is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
> 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although *pro se*
> filings are generally afforded charitable construction, they are not absolved from
> the requirements of Rule 8. *See Adams v. Wells Fargo Bank*, Civ. No. 09-2387,
> 2010 WL 3001160, at *3 (D. Md. July 28, 2010) ("The leeway extended to a pro
> se [p]laintiff must be tempered to require the plaintiff to comply with the Federal
> Rules of Civil Procedure, including the pleading requirements of Rule 8."). *Pro se*
> Complaints marred by "shotgun pleading," which renders impossible any attempt
> to decipher "which allegations of fact are intended to support which claims for
> relief" warrant dismissal. *See Jackson v. Warning*, PJM-15-1233, 2016 WL
> 7228866, at *4 (D. Md. Dec. 13, 2016) (dismissing *pro se* complaint for engaging
> in shotgun pleading) (quotations omitted).

*McCrea v. Wells Fargo*, Civ. No. RDB-18-2490, 2019 WL 2513770, at *7 (D. Md. June 17, 2019),

*aff'd*, 852 F. App'x 112 (4th Cir. 2021) (all alterations in original). Amtrak argues that Morris's

Complaint is such a "shotgun pleading" which must be dismissed. The Court agrees.

Moreover, to the extent that Morris intended to challenge Amtrak's condemnation

authority with respect to the construction of the Frederick Douglas Tunnel, it is well established

that Amtrak is permitted to "acquire by eminent domain . . . interests in property" that are

"necessary for intercity rail passenger transportation[.]" 49 U.S.C. § 24311(a)(1)(A). Amtrak may

exercise this power when it cannot "acquire the interest in the property by contract" or when it

cannot "agree with the owner on the purchase price for the interest." *Id.* § 24311(a)(2). There are

no allegations that Amtrak has seized Morris's property without following the procedures required

by 49 U.S.C. § 24311, or indeed that Amtrak has attempted to seize Morris's property at all.[1] Accordingly, Morris's claims also fail under Rule 12(b)(6).

### III.    Morris's Motions

The Court reviews each of Morris's Motions in turn. They will be denied.

#### A.  "Motion of Misnomer for the Correction of 'Amtrak' Quasi Public Defendant Name Within/Throughout Complaint"

Morris has filed a "Motion of Misnomer for the Correction of 'Amtrak' Quasi Public Defendant Name Within/Throughout Complaint." (ECF No. 16.) It is not clear exactly what relief she seeks, although it appears that she wishes to replace the name "Amtrak" with the name "National Railroad Passenger Corporation" in her pleading. (*Id.*) Because the Court understands Amtrak and the National Railroad Passenger Corporation to be the same entity, there is no need for such replacement and therefore the Motion will be denied.

#### B.  Motions to Compel

Morris has filed two Motions to Compel. These Motions, much like the Complaint and other Motions, are difficult to decipher. However, she appears to seek: (1) discovery (ECF No. 20) and (2) a response to the Complaint from Baltimore (ECF No. 18).

With respect to the request for discovery, discovery has not commenced in this case, and the Motion to Compel discovery will be denied.

With respect to compelling a response from Baltimore, it appears that Baltimore has been served and that the time for filing a responsive pleading has lapsed. (*See* ECF No. 7 (executed summons).)[2] However, given the serious deficiencies in this case described in part above, the

---

[1] Of course, if Amtrak sought to acquire pursuant to 29 U.S.C. § 24311 any property in which Morris has an interest, she would be permitted to challenge such taking or to present evidence regarding the valuation of such property in the context of a condemnation proceeding.

[2] The Court makes no findings at this time as to whether Baltimore has been properly served.

Court believes that dismissal of the entire case is warranted. The Fourth Circuit has held that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court[.]" *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014). Further, "[e]ven if a party does not make a formal motion under Rule 12(b)(6), the district court judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 291 (4th Cir. 2021) (citation omitted). "[D]istrict courts may only exercise their authority to *sua sponte* dismiss inadequate complaints if the procedure employed is fair to the parties. Namely, the party whose complaint stands to be dismissed must be afforded notice and an opportunity to amend the complaint or otherwise respond." *Id.* Thus, the Court will deny Morris's Motion to Compel and will afford her an opportunity to amend the Complaint or otherwise respond. She is forewarned that a failure to cure the deficiencies in her Complaint will result in the dismissal of this case.

### C. Motion to Strike

Morris has also filed a Motion to Strike, seeking to strike Amtrak's opposition to one of her Motions to Compel. (ECF No. 22.) She cites to Rule 12(f), which provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although that Rule 12(f) by its terms is limited to "pleading[s]," the Court also has the inherent authority to strike other types of documents for good cause. *Gaskins v. Balt. City Pub. Schs.*, Civ. No. JKB-15-2961, 2016 WL 192535, at *3 (D. Md. Jan. 15, 2016), *aff'd sub nom. Gaskins v. Abiodun*, 649 F. App'x 307 (4th Cir. 2016)

In support of her Motion, Morris argues that Patricia Lambert and Alejandro Camacho have not entered their appearance and therefore cannot docket filings in this case. (*See* ECF No. 22.) She is factually incorrect, as these attorneys have both entered their appearance in this matter. (*See* ECF Nos. 10, 17.) She further states that the "attorneys['] vicious responses are transparently

6

intended to embarrass, harass, and intimidate" her. (ECF No. 22.) This is simply not the case, and nothing in Amtrak's filings have been inappropriate, let alone embarrassing, harassing, or intimidating, nor does the Court find good cause to strike them. The Motion to Strike will be denied.

## IV.    Conclusion

For the foregoing reasons, it is ORDERED that:

1. Amtrak's Motion to Dismiss (ECF No. 9) is GRANTED and the claims against Amtrak are DISMISSED;

2. Morris is DIRECTED to SHOW CAUSE by December 10, 2024 why the claims against Baltimore should not be dismissed, and she is FOREWARNED that her failure to show cause by that date will result in the dismissal of this case;

3. Morris's "Motion of Misnomer for the Correction of 'Amtrak' Quasi Public Defendant Name Within/Throughout Complaint" (ECF No. 16) is DENIED;

4. Morris's Motion to Compel (ECF No. 18) is DENIED;

5. Morris's Motion to Compel (ECF No. 20) is DENIED;

6. Morris's Motion to Strike (ECF No. 22) is DENIED; and

7. The Clerk is DIRECTED to mail a copy of this Memorandum and Order to Morris.


DATED this _19_ day of November, 2024.


                                        BY THE COURT:


                                        _____
                                        James K. Bredar
                                        United States District Judge


7