**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **DEBORAH MORRIS,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **CIVIL NO. JKB-24-2260** |
| **AMTRAK, et al.,** | * | |
| **Defendants.** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM AND ORDER

*Pro se* Plaintiff Deborah Morris filed suit against Amtrak and "Baltimore Municipal Baltimore City Mayor & City Council" ("Baltimore"). (*See generally* ECF No. 1.)  The Court previously dismissed the claims against Amtrak, and directed Morris to show cause why the claims against Baltimore should not be dismissed. (*See* ECF No. 24.)  Morris has filed a response to the Court's show cause order. (ECF No. 25.)  For the following reasons, the claims against Baltimore will be dismissed, and this case will be closed.

### I.    *Factual and Procedural Background*

As the Court previously explained, Morris's Complaint against Amtrak and Baltimore spans 63 pages, and she makes various allegations. (*See generally* ECF No. 1.)    She raises complaints about eminent domain and property condemnation proceedings, segregation, transportation, housing-related issues, and other topics. (*Id.*)  Morris cites to provisions of the Code of Federal Regulations, to various statutes (including 42 U.S.C. §§ 1981, 1982, & 1983, and the Fair Housing Act), and to provisions of the U.S. Constitution (including the Supremacy Clause, the Commerce Clause, the First Amendment, and the Fourteenth Amendment, among others). (*Id.* at 25–30.)  She brings several counts, among which: "Denied equals and protected rights by

Baltimore Municipality fault of not remedying segregation in housing as obligation to do so"; "Deprivation of Plaintiffs rights under color of laws"; "Discriminatory refusals to transact, differential terms, and false representations in violation of" a class action; and "Defamation of character, bad faith, theft by deception, exploitation of elderly and disables and other persons (commonality)." (*Id.* at 56–60.)

The Court previously granted Amtrak's Motion to Dismiss, and dismissed all claims against Amtrak. (*See* ECF No. 24 (concluding that Morris did not have standing to bring her claims and that she failed to state a claim).) At that time, the Court also noted that, given the serious deficiencies in this case, dismissal of the entire case was warranted. (*Id.*) The Court explained that a district court may dismiss a case *sua sponte* so long as the "procedure employed is fair to the parties" and that "the party whose complaint stands to be dismissed [is] afforded notice and an opportunity to amend the complaint or otherwise respond." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 291 (4th Cir. 2021). Thus, the Court afforded Morris an opportunity to show cause why the claims against Baltimore should not be dismissed, and she was forewarned her failure to show cause would result in the dismissal of this case. (ECF No. 24.) Morris filed a response to the Court's Order. (ECF No. 25.)

In addition, after Morris filed a response to the Court's Order, Baltimore filed a Motion to Dismiss. (ECF No. 28.) Because the Court will dismiss this case *sua sponte*, Baltimore's Motion will be denied as moot.

## II.    *Analysis*

After a careful review of Morris's response, the Court concludes that Morris's Complaint must be dismissed in its entirety.

2

As an initial matter, Morris does not establish standing. To establish standing, a plaintiff must (1) show an injury in fact, (2) demonstrate a causal connection between the defendants' actions and the alleged injury, and (3) show that the injury would likely be redressed by a favorable outcome. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560). To be "particularized," an injury "must affect the plaintiff in a personal and individual way." *Id.* Morris fails to allege any particularized injury and the Court fails to see how any favorable decision would provide redress.

Moreover, as the Court explained in its prior Memorandum and Order, Morris's Complaint is difficult to discern, and she fails to state a claim upon which relief can be granted. (*See generally* ECF No. 24.) She makes various general conclusory statements and allegations regarding a wide variety of topics. As this Court has explained:

> Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the plaintiff to submit a "short and plain statement of the claim showing that [she] is entitled to relief." Ultimately, the Complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although *pro se* filings are generally afforded charitable construction, they are not absolved from the requirements of Rule 8. *See Adams v. Wells Fargo Bank*, Civ. No. 09-2387, 2010 WL 3001160, at *3 (D. Md. July 28, 2010) ("The leeway extended to a pro se [p]laintiff must be tempered to require the plaintiff to comply with the Federal Rules of Civil Procedure, including the pleading requirements of Rule 8."). *Pro se* Complaints marred by "shotgun pleading," which renders impossible any attempt to decipher "which allegations of fact are intended to support which claims for relief" warrant dismissal. *See Jackson v. Warning*, PJM-15-1233, 2016 WL 7228866, at *4 (D. Md. Dec. 13, 2016) (dismissing *pro se* complaint for engaging in shotgun pleading) (quotations omitted).

3

*McCrea v. Wells Fargo*, Civ. No. RDB-18-2490, 2019 WL 2513770, at *7 (D. Md. June 17, 2019), *aff'd*, 852 F. App'x 112 (4th Cir. 2021) (all alterations in original). The Court concludes that Morris's Complaint is such a shotgun pleading, and must be dismissed. Morris's response to the Court's Order is similarly difficult to decipher, and does not alter the Court's conclusion that dismissal of the entire case is warranted.

## III.   Conclusion

For the foregoing reasons, it is ORDERED that:

1.  The claims against Baltimore are DISMISSED;

2.  Baltimore's Motion to Dismiss (ECF No. 28) is DENIED AS MOOT;

3.  The Clerk is DIRECTED to CLOSE this case; and

4.  The Clerk is DIRECTED to mail a copy of this Memorandum and Order to Morris.

DATED this __3__ day of December, 2024.

BY THE COURT:

James K. Bredar
United States District Judge

4